ORIGINAL

CYNTHIA A. FARIAS   #4108
Dillingham Transportation Building
701 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 533-8887

Attorney for Claimants SONIA HUDSON
and CASEY HUDSON

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 3 2006

at 3 o'clock and 40 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter<br><br>of<br><br>The Complaint of PETITIONER LAHAINA PARASAIL, INC., a Hawaii Corporation, regarding Motor Vessel RED NORDIC, Official Number HA 1056 CP for exoneration from or limitation liability,<br><br>Petitioner. | CIVIL NO. 04-00740 DAE/LEK<br>In Admiralty<br><br>**CLAIMANTS SONIA HUDSON AND CASEY HUDSON'S RESPONSE TO PETITIONER LAHAINA PARASAIL'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PETITIONER'S (sic) MOTION TO SET ASIDE ENTRIES OF DEFAULT; CERTIFICATE OF SERVICE** |

**CLAIMANTS SONIA HUDSON AND CASEY HUDSON'S RESPONSE
TO PETITIONER LAHAINA PARASAIL'S OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER GRANTING PETITIONER'S (sic)
MOTION TO SET ASIDE ENTRIES OF DEFAULT**

Claimants SONIA HUDSON and CASEY HUDSON, by and through their

attorney, Cynthia A. Farias, hereby submit their responses to Petitioner LAHAINA

PARASAIL INC.' s objections to Magistrate Judge's Order Granting Petitioner's (sic)

Motion to Set Aside Entries of Default Entered March 18, 2005 and May 13, 2005.

Petitioner argues that Judge Kobayashi's order was erroneous because under Pioneer Inv. Services, Co. v. Brunswick Assoc. Ltd. Partn., 113 S. Ct. 1489 (1993) and Link v. Wabash R. Co., 370 U.S. 626, 82 S. Ct. 1386 (1962), clients are liable for the acts or omissions of their attorneys. The authority cited by Petitioner were appeals from the lower court's refusal to allow the case to proceed, not the granting of a motion to set aside entries of default under Rule 55(c). In fact, none of the authority cited by Petitioner involves the situation at issue here, i.e. where the Court has decided that "good cause" exists for the setting aside of an entry of default.

Judge Kobayashi had discretion to decide what constituted good cause for purposes of Rule 55(c). In fact, the 9th Circuit has said that the "good cause" standard under Rule 55(c) is "less rigorous" in terms of degree than the excusable neglect standard under Rule 60(b). Speiser, Krause & Madole, P.C. v. Ortiz, 271 F.3d 884 (9th Cir. 2001).

Judge Kobayashi found that the Claimants' former attorney, Paul Lee, intentionally filed an unauthorized answer to the Limitation of Liability petition. While Claimants maintain there was sufficient support for a finding that Mr. Lee's conduct constituted "excusable neglect", Judge Kobayashi found that Mr. Lee's conduct was "culpable." However, she did not impute that culpability to Claimants.

Significantly, Judge Kobayashi did not find that Mr. Lee acted "negligently." As such, the general rule that the client is ordinarily chargeable with his

<６

counsel's negligent acts does not apply. However, she also did not find that Mr. Lee's conduct constituted "gross negligence", which is not imputed to the client under Community Dental Service v. Tani, 282 F.3d 1164 (9th Cir. 2002) and constitutes "extraordinary circumstances" under the Rule 60(b)(6) analysis.

There was ample ground for Judge Kobayashi to find that Mr. Lee's conduct amounted to "gross negligence." The facts in Tani illustrate just one example of gross negligence. Certainly, an attorney's violation of the rule against the unauthorized practice of law, resulting in a finding of civil contempt of court, could easily support a finding of gross negligence.

Nevertheless, Judge Kobayashi characterized Mr. Lee's conduct as "intentional" and was not willing to impute an intentional rule violation on innocent parties. This makes sense given that the Claimants had no way of knowing about the requirements that an attorney be licensed to practice in the U. S. District Court for the District of Hawaii. The Claimants simply believed that their answer was being filed and could not have reasonably been expected to question Mr. Lee's authority to do so.

The 9th Circuit does not require that the court impute an attorney's intentional rule violation upon his client. In fact, in light of the holding in Tani, it would appear that conduct similar to gross negligence, such as the intentional violation of a rule, would not be chargeable to a client.

Judge Kobayashi ruled that under the standard of Rule 60(b)(6), which applies to Rule 55(c) motions, Claimants were entitled to relief. Her ruling was not erroneous.

Petitioner also objected to the setting aside of the General Order of Default filed October 21, 2005. The answer filed also set forth a claim for damages. However, because the answer was unauthorized, it was not an effective claim. Therefore, the same arguments Claimants made with respect to setting aside the entry of default applied to the General Order of Default.

Finally, Petitioner objected to the award of attorneys fees and costs incurred in filing the requests for entries of default and appearing at the October 18, 2005 hearing on Claimants' motion to set aside. This was the second award of fees and costs made by Judge Kobayashi. She earlier sanctioned Mr. Lee for his civil contempt of court. Mr. Lee paid that sanction. As to the recent award of fees and costs, Petitioner and Claimants are still awaiting Judge Kobayashi's decision. The issue is therefore not ripe for objections.

In the event the Court decides that Judge Kobayashi's ruling is in some way erroneous, Claimants respectfully request the Court uphold the conclusion that "good cause" exists for the setting aside of defaults in this case, or hold a further hearing on the matter.

This is a case of clear liability in which the accident occurred with the privity and knowledge of the owner and/or master of the vessel. As such, this Limitation of Liability action is inappropriate and Claimants had intended to file a motion for summary judgment after the orders and sanctions were settled.

Claimants are ordinary people who were injured on a vacation. They had no experience with litigation, much less the unique and rarely employed vehicle called a limitation of liability action. Clearly, Claimants had no reason to question their

attorney's authority to file an answer on their behalf. This is even more understandable because Claimants had accepted the Petitioner's settlement offer made a few days before the answer was filed. The acceptance was communicated to Petitioner a few days after the filing of the answer, but by then Petitioner chose to ignore the settlement in favor of this protracted and costly effort to deny Claimants any compensation whatsoever.

Claimants respectfully request that the Court agree that "good cause" exists for the setting aside of these defaults.

DATED:   Honolulu, Hawaii, February 3, 2006.

_____
CYNTHIA A. FARIAS
Attorney for Claimants
SONIA HUDSON and CASEY HUDSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of<br><br>The Complaint of PETITIONER LAHAINA PARASAIL, INC., a Hawaii Corporation, regarding Motor Vessel RED NORDIC, Official Number HA 1056 CP for exoneration from or limitation liability,<br><br>        Petitioner. | CIVIL NO. 04-00740 DAE/LEK<br><br>IN ADMIRALTY<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document was duly served on the following party(ies) at the address(es) indicated below via

( ) Hand Delivery      (X) U. S. Mail      ( ) Facsimile at _____:

    ROY Y. YEMPUKU, ESQ.
    737 Bishop Street, Suite 2930
    Honolulu, Hawaii 96813
        Attorney for Petitioner
        Lahaina Parasail, Inc.

DATED:   Honolulu, Hawaii,  2/3/06

*[signature]*
Cynthia A. Farias
Attorney for Claimants
SONIA HUDSON and CASE HUDSON