IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF Hawai`i

| | |
|---|---|
| In the Matter,    ) | CIVIL NO. 04-00740 DAE-LEK |
|               ) | |
|    of         ) | |
|               ) | |
| The Complaint of PETITIONER   ) | |
| LAHAINA PARASAIL, INC., a     ) | |
| Hawai`i corporation,          ) | |
| regarding Motor Vessel RED    ) | |
| NORDIC, Official Number HA    ) | |
| 1056 CP for exoneration from  ) | |
| or limitation of liability,   ) | |
|               ) | |
|    Petitioner.   ) | |
| _____ ) | |

**ORDER AWARDING ATTORNEYS' FEES AND COSTS**

On October 18, 2005, this Court heard Petitioners Sonia Hudson and Casey Hudson's (collectively "the Hudsons") Motion to Set Aside Entries of Default Entered March 18, 2005 and May 13, 2005 ("Motion to Set Aside"), which was filed on September 15, 2005.  After considering the Motion to Set Aside, the supporting and opposing memoranda, and the arguments of counsel, this Court issued an order granting the Hudsons' Motion to Set Aside ("Order") on October 21, 2005.  This Court further ordered that Petitioner Lahaina Parasail, Inc. ("Lahaina Parasail") be awarded its reasonable attorneys' fees and costs incurred in: filing the request for entry of the General Default on March 18, 2005; filing the request for the entry of default against the Hudsons on May 13, 2005; and attending the October 18, 2005 hearing on the Motion to Set Aside.  At the

Court's request, Lahaina Parasail filed a memorandum in support of the award of attorneys' fees and costs on November 7, 2005 requesting $30,958.25[1] in attorneys' fees and $1,637.62[2] in costs. The Hudsons filed a memorandum in opposition on November 14, 2005. After reviewing the parties' submissions, and based on this Court's familiarity with the case, the Court awards Lahaina Parasail attorneys' fees in the amount of $2,359.34 and costs in the amount of $5.00, for a total award of $2,364.34.

## DISCUSSION

Based upon this Court's Order, there is no need to determine whether Lahaina Parasail is entitled to said fees and costs. Accord Nilsson, Robbins, Dalgarn, Berlinger, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988) (holding that "it is appropriate to condition setting aside a default upon the payment of a sanction"). This Court need only determine whether Lahaina Parasail's requested attorneys' fees and costs are reasonable.

### I. Attorneys' Fees

Under federal law, reasonable attorneys' fees are

---

[1] The Court calculated this amount based on the relevant entries in counsel's billing statements. The Court finds the statements to be more accurate than the calculations in counsel's declarations. [Decl. of Jill Anne Hillman ("Hillman Decl.") at ¶ 3; Decl. of Roy Y. Yempuku ("Yempuku Decl.") at ¶ 6.]

[2] The Court calculated this amount based on Ms. Hillman's declaration and Mr. Yempuku's billing statements. [Hillman Decl. at ¶ 3; Exh. A to Yempuku Decl.]

generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or

contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Lahaina Parasail requests the following lodestar amount for work it contends is compensable under the terms of the Order:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Jill Anne Hillman | 45.75 | $185 | $ 8,463.75 |
| Matthew W. Monroe | 8.50 | $185 | $ 1,572.50 |
| Unidentified paralegal DL | 1.30 | $ 60 | $    78.00 |
| Kristen Swinehart (paralegal) | 15.40 | $ 60 | $   924.00 |
| Audrey Priolo (paralegal) | 5.60 | $ 60 | $   336.00 |
| Unidentified law clerk SR | 7.50 | $120 | $   900.00 |
| Monroe & Zinder Subtotal | | | $12,274.25 |
| Roy Y. Yempuku | 7.90 | $150 | $ 1,185.00 |
| Roy Y. Yempuku | 90.55 | $185 | $16,751.75 |
| Total Hawai'i General Excise Tax @ 4.166 | | | $   747.25 |
| Law Offices of Roy Y. Yempuku Subtotal | | | $18,684.00 |
| TOTAL REQUESTED LODESTAR | | | $30,958.25 |

4

[Ex. B to Decl. of Dale W. Lee, Esq. ("Lee Decl."); Ex. A to Yempuku Decl.]  Lahaina Parasail states that Ms. Hillman has been practicing law for twelve years and Mr. Yempuku for over twenty years.  [Mem. in Supp. at 11.]  According to the State Bar of California, Mr. Monroe was admitted to the bar in 1990.  Lahaina Parasail did not provide any information regarding the qualifications of Monroe & Zinder's support staff.

**A.    Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Lahaina Parasail has submitted a declaration by Dale W. Lee, Esq., a litigation attorney who has been licensed in Hawai'i since 1974.  Mr. Lee opined that counsel's rates in the instant case are reasonable and within the market range in the

community, and particularly in the insurance defense field, for practitioners with similar experience, skill, and reputation. [Lee Decl. at ¶ 8.] Further, this Court is well aware of the prevailing rates in the community and the Hudsons do not argue that Lahaina Parasail's requested rates are unreasonable. Based on this Court's knowledge of the prevailing rates in the community and the parties' submissions in this case, this Court finds the requested hourly rates of $185 for Mr. Monroe and Ms. Hillman and the requested hourly rates of $150 and $185 for Mr. Yempuku to be manifestly reasonable. The Court also finds that the requested hourly rates of $60 for each of the three paralegals is manifestly reasonable. The Court, however, finds that there is no support for the requested hourly rate of $120 for the unidentified law clerk. A reasonable hourly rate for a law clerk is $80.

### B. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637

(citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

      The Hudsons argue that the hours expended were excessive because: 1) Lahaina Parasail ignored the Court's instruction to include only fees and costs incurred in filing the requests for the entries of default and in attending the October 15, 2005 hearing on the Motion to Set Aside; 2) the time counsel spent preparing the requests for general default was excessive because the documents were largely form work; and 3) Ms. Hillman's fees for attending the hearing are not compensable because her participation was voluntary and Mr. Yempuku adequately represented Lahaina Parasail's interests.[3]

---

[3] In their first memorandum in opposition, the Hudsons argued that the Court should disregard Monroe & Zinder's fees because Lahaina Parasail did not include an itemization of the work the firm performed.  Lahaina Parasail submitted itemized billing statements with Mr. Lee's declaration, which it filed on November 16, 2005.  In their memorandum in opposition to Mr. Lee's declaration, the Hudsons argued that the Court should not consider the billing statements because Lahaina Parasail failed to submit them prior to this Court's November 7, 2005 deadline.  While this Court does not condone Lahaina Parasail's late
(continued...)

This Court's Order expressly stated "[t]he Court therefore awards Lahaina Parasail its reasonable attorneys' fees and costs incurred in filing the request for entry of the General Default and the request for the entry of default against the Hudsons." [Order at 15.]  This Court also found that Lahaina Parasail was "entitled its attorneys' fees and costs reasonably expended in attending the October 18, 2005 hearing on the Motion [to Set Aside]."  [Id. at 15-16.]  Lahaina Parasail failed to follow this Court's instructions and included voluminous time entries for other work items in this case.  The Court has reviewed counsel's billing statements and finds that the following hours were expended on compensable work under the terms of the Order: Ms. Hillman – 4.20 hours; Mr. Monroe – 0.60 hours; unidentified law clerk SR – 2.40 hours; and Mr. Yempuku – 8.25 hours.[4]

---

[3](...continued)
submission, insofar as the Hudsons had the opportunity to respond to Monroe & Zinder's itemized statements, the Court will consider them.

[4] The Court notes that Mr. Yempuku employed quarter-hour billing increments.  Courts in other districts have reduced fee awards due to the attorneys' practice of rounding off entries to the nearest quarter hour.  See, e.g., Zucker v. Occidental Petroleum Corp., 968 F. Supp. 1396, 1403 (C.D. Cal. 1997); Miller v. Bowen, 639 F. Supp. 832, 836 (E.D.N.C. 1986).  Moreover, while such a billing practice may appear harmless on its face, over the course of litigation, it may result in unearned legal fees.  Even Mr. Lee's declaration questions Mr. Yempuku's use of quarter-hour billing increments.  [Lee Decl. at ¶ 13.]  The Court declines to apply a percentage reduction in this case, but cautions Mr.
(continued...)

This Court, however, finds that the 2.40 hours that the law clerk spent drafting the general default documents is not compensable because it was unnecessarily duplicative of work performed by Mr. Yempuku. The Court further finds that the remainder of the above hours were sufficiently documented and were reasonable expenses incurred in filing the request for entry of general default, filing the request for entry of default against the Hudsons, and in attending the October 15, 2005 hearing on the Motion to Set Aside.

C. **Total Lodestar Awarded to Lahaina Parasail**

Based on the foregoing, this Court finds that Lahaina Parasail has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Jill Anne Hillman | 4.20 | $185 | $ 777.00 |
| Matthew W. Monroe | 0.60 | $185 | $ 111.00 |
| Monroe & Zinder Subtotal | | | $ 888.00 |
| Roy Y. Yempuku | 3.25 | $150 | $ 487.50 |
| Roy Y. Yempuku | 5.00 | $185 | $ 925.00 |
| Total Hawai'i General Excise Tax @ 4.166 | | | $ 58.84 |
| Law Offices of Roy Y. Yempuku Subtotal | | | $1,471.34 |
| TOTAL REQUESTED LODESTAR | | | $2,359.34 |

---

[4](...continued)
Yempuku that the use of quarter-hour billing increments in future fee requests will result in a percentage reduction.

Having considered the applicable <u>Kerr</u> factors, this Court finds it unnecessary to adjust the lodestar amount and awards Lahaina Parasail reasonable attorneys' fees in the amount of $2,359.34.

## II.  Costs

Lahaina Parasail's memorandum in support does not identify the precise amount of costs that it seeks. Ms. Hillman's declaration argues that Monroe & Zinder incurred $406.17 in costs that are compensable under the Order.  [Hillman Decl. at ¶ 3.]  The Court has reviewed Monroe & Zinder's billing statements and, with the exception of the costs reflected in the firm's March and August 2005 statements, it is impossible for the Court to discern what the requested costs represent.  In March 2005, the firm incurred $3.58 for postage, $15.00 in facsimile costs at $1.00 per page, $31.50 in phone costs, and $6.30 in copying costs at $0.10 per page.  In October 2005, the firm incurred $36.43 for Lexis research performed during September. [Exh. B to Lee Decl.]  It is possible that some of the costs Monroe & Zinder incurred during March 2005 were incurred in obtaining the entry of general default.  The Court, however, does not have sufficient information to determine whether that is the case.  The Court also finds that the research costs incurred in October 2005 were not associated with the hearing on the Motion to Set Aside.  The Court therefore finds that none of Monroe &

10

Zinder's costs are compensable under the terms of the Order.

Lahaina Parasail also requests costs incurred by Mr. Yempuku. According to his billing statements, he incurred the following costs, which Lahaina Parasail claims are compensable under the Order:

| | |
|---|---:|
| Postage | $ 45.87 |
| Photocopies | $ 703.25 |
| Facsimiles | $ 378.00 |
| Transcription fees to U.S. District Court | $ 5.00 |
| 6/21 Expense for tape duplication of hearing | $ 26.00 |
| Transcription fees for 6/30/05 proceeding | $ 73.33 |
| Total Costs Requested | $1,231.45 |

Lahaina Parasail failed to provide any information that would allow the Court to determine whether these costs were incurred in obtaining the entries of default or attending the hearing on the Motion to Set Aside. The Court therefore finds that these costs are not compensable, with the exception of the $5.00 transcription fees paid to the United States District Court on March 18, 2005. The Court finds that the transcription fees were incurred in connection with the motion for general default, which Lahaina Parasail filed on that date. The Court therefore awards Lahaina Parasail $5.00 in costs.

**CONCLUSION**

Based on the foregoing, this Court awards Lahaina Parasail attorneys' fees of $2,359.34 and costs of $5.00, for a total award of $2,364.34.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 28, 2006.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**IN THE MATTER OF THE COMPLAINT OF PETITIONER LAHAINA PARASAIL, INC., ETC.; CIVIL NO. 04-00740 DAE-LEK; ORDER AWARDING ATTORNEYS' FEES AND COSTS**