IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the matter )<br>)<br>)<br>)<br>of )<br>)<br>The Complaint of PETITIONER )<br>LAHAINA PARASAIL, INC., a )<br>Hawaii corporation, regarding Motor )<br>Vessel RED NORDIC, Official )<br>Number HA 1056 CP for exoneration )<br>from our limitation of liability, )<br><br>                Petitioner.<br>_____ | CV NO 04-00740 DAE/LEK<br>In Admiralty |

### ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING CLAIMANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner Lahaina Parasail, Inc.'s ("Lahaina Parasail") objections to the Magistrate Judge's Order and memorandum in opposition to the objections, the Court AFFIRMS the decision of the Magistrate Judge, granting Claimants Sonia Hudson and Casey Hudsons' (collectively "the Hudsons") motion to set aside entries of default entered on March 18, 2005 and May 13, 2005.

BACKGROUND

The instant case arises from a June 26, 2004 parasailing incident that occurred approximately one mile off the west shore of Lahaina and involved the Red Nordic vessel. The Hudsons, who are California residents, were on board the Red Nordic for a parasailing excursion. Sonja Hudson suffered a head wound that required twenty stitches and Casey Hudson suffered minor cuts and bruises when their harness and chute allegedly malfunctioned.

On December 20, 2004, Lahaina Parasail, the owner and operator of the Red Nordic, filed a Complaint for Exoneration from or Limitation of Liability concerning the incident. On February 7, 2005, the District Court issued an order granting Lahaina Parasail's ex parte application for an order directing the issuance of notice to potential claimants and an injunction against all other claims and proceedings. The order required all persons asserting a claim with respect to the incident to file their claim with the court within thirty days of the order, i.e. by March 9, 2005.

The Hudsons, through their attorney Paul E. Lee, Esq., filed an answer to the Complaint on March 14, 2005. On March 18, 2005, the Court issued an Order of General Default against all parties asserting claims with respect to the incident "who have not heretofore filed and presented claims and answers," and

barred those parties "from filing any claims and answers in this or any other proceeding." (General Default at 2.)

On May 10, 2005, the Magistrate granted Lahaina Parasail's motion to strike the Hudsons' answer on the ground that Mr. Lee was apparently not authorized to practice law in this district.  The Clerk of the Court entered default against the Hudsons on May 13, 2005.  On June 3, 2005, Lahaina Parasail filed a Motion for Judgment by Default Against Claimants Sonia Hudson and Casey Hudson.  In their memorandum in opposition, the Hudsons requested that the Court set aside the May 13 entry of default, but they did not file a motion requesting such relief.  At the hearing on August 26, 2005, the Magistrate denied the Motion for Default Judgment without prejudice and instructed the Hudsons to file a motion to set aside the entry of default by September 16, 2005.

On September 15, 2005, the Hudsons filed a Motion to Set Aside Entries of Default entered on March 18, 2005 and May 13, 2005.  Lahaina Parasail filed a memorandum in opposition on September 30, 2005.  On October 21, 2005, the Magistrate granted the motion.

On October 31, 2005, Lahaina Parasail filed the instant Objections to this Court's Order granting the Hudsons' Motion to Set Aside Entries of Default

Entered on March 18, 2005 and May 13, 2005.  The Hudsons filed a memorandum in opposition to Lahaina Parasail's objections on February 3, 2006.

## STANDARD OF REVIEW

Any party may serve and file written objections to an order as provided by rules of court.  28 U.S.C. § 636(b).  Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a *de novo* determination.  A *de novo* review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered."  U.S. Pac. Builders v. Mitsui Trust & Banking, 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).  While the district court need not hold a *de novo* hearing, the court is obligated to arrive at its own independent conclusion about those portions of the magistrate's order to which objections are made.  Id.

## DISCUSSION

The Court notes at the onset that the Magistrate issued a comprehensive 16-page Order granting the Motion to Set Aside Entries of Default, which exhaustively detailed the basis of the motion as well the reasons for granting relief.  The Court has thoroughly reviewed Petitioner's objections to the Magistrate's Order, and finds that Petitioner's objections are without merit.

4

First, Lahaina Parasail objects to the Magistrate's findings that the Hudsons are not culpable for Mr. Lee's conduct and that the circumstances of this case present sufficient justification for relief from the entries of default. Lahaina Parasail argues that the cases cited by the Magistrate do not overrule the cases of <u>Pioneer Inv. Services, Co., v. Brunswick Assoc. Ltd. Partn.</u>, 113 S. Ct. 1489 (1993) and <u>Link v. Wabash R. Co., 370 U.S. 626</u>, 8 L. Ed2d 734, 82 S. Ct. 1386 (1962), where the Supreme Court held that a party who voluntarily chooses their attorney cannot avoid the consequences of the acts or omissions of the freely selected agent. Petitioner's argument is misplaced.

The rule of law stated in the above-cited Supreme Court cases does not stand for the proposition that in every situation clients must be held accountable for the acts or omissions of their attorney. Although this Court does not disagree with the Supreme Court's holdings in the above-cited cases, neither of the above-cited cases involved the issue presented in the matter at bar. Specifically, whether "good cause" exists for setting aside entry of default pursuant to Federal Rule of Civil Procedure 55(c). Under Rule 55(c), the court may set aside an entry of default for "good cause shown[,]" and has broad discretion in deciding whether set aside is warranted. Here, we agree with the Magistrate Judge's finding that the Hudsons are not culpable for their former attorney's

5

actions because they are not sophisticated clients, they have no prior experience with litigation and were not personally aware of the consequences of filing an answer through an attorney who was not authorized to practice in this district.  As such, the Court affirms the Magistrate Judge's order.

Second, Lahaina Parasail objects to the Magistrate's finding that the Court sanctioned Mr. Lee by requiring him to pay Lahaina Parasail's expenses incurred as a result of his unauthorized practice of law.  Specifically, Lahaina Parasail argues that the Magistrate did not require Mr. Lee to pay even 10% of the expenses incurred.  For the purposes of the instant matter, it is irrelevant what amount the Court required Mr. Lee to pay as a result of his unauthorized practice of law because the issue before the Court is whether set aside is warranted.  And, in setting aside the default judgments, the Court awarded Lahaina Parasail reasonable attorney's fees and costs incurred in filing the request for entry of the General Default and for the entry of default against the Hudsons.  Thus, the Court affirms the Magistrate Judge's order.

Lastly, Lahaina Parasail objects to the Magistrate's order setting aside the General Order of Default because the Hudsons made no showing of excusable neglect with respect to why they failed to file an answer before the March 9, 2005 deadline.  Again, Lahaina Parasail's argument is misplaced.  The Court considered

the same argument set forth by the Hudsons with respect to setting aside the entry of default of May 13, 2005 as it did the General Default of March 18, 2005.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the decision of the Magistrate Judge, setting aside the entries of default judgment of March 18, 2005 and May 13, 2005.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 23, 2006.



_____
David Alan Ezra
United States District Judge

In the Matter of the Complaint of Petitioner Lahaina Parasail, Inc., Civil No. 04-00740 DAE-LEK; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING CLAIMANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT